**SO ORDERED.**

**SIGNED this 05th day of September, 2007.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE<br><br>CAROL A. BUTLER<br><br>*DEBTOR* | BANKR. CASE NO. 01-55646-LMC<br><br><br>CHAPTER 7 |
| CAROL A. BUTLER<br><br>*PLAINTIFF*<br><br>V.<br><br>CITICORP CREDIT SERVICES, INC. CITIBANK SOUTH DAKOTA, N.A. A/K/A CITIBANK, S.D./USA, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. AND INTERNATIONAL FIDELITY INSURANCE COMPANY<br><br>*DEFENDANTS* | ADV. NO. 07-5073-LMC |

**DECISION AND ORDER GRANTING MOTION TO DISMISS IN PART**

BEFORE THE COURT are a motion to dismiss from Citicorp (and related parties) [Doc. # 9] and a motion to dismiss from Alliance One and International Fidelity Insurance [Doc. # 7] with a memorandum in support [Doc. # 8]. Plaintiff has not filed a response. Because the motions cover

essentially the same ground and make the same arguments, the Court will treat them together in this decision. For the reasons given below, the court GRANTS the Motion IN PART.

## Background

The Plaintiff had a credit card account with Defendant Citibank South Dakota, N.A. ("Citibank")[1]. On November 30, 2001, the Debtor filed for relief under chapter 7 of the Bankruptcy Code, disclosing Citibank as a creditor. The Debtor received her discharge on March 9, 2002, and the Bankruptcy Clerk's office mailed notice of discharge to all creditors, including Citibank. Subsequently, Citibank assigned the Plaintiff's discharged debt to Alliance One. Alliance One is a debt collection company, required to post a "Debt Collector Bond" with the Texas Secretary of State. *See* TEX. FIN. CODE § 392.001. The surety on that bond is defendant International Fidelity Insurance.

Plaintiff further alleges that Defendants contacted Plaintiff on multiple occasions seeking repayment of the pre-petition debt to Citibank. Plaintiff states three bases for relief: (1) violation of chapter 392 of the Texas Finance Code, (2) the tort of unreasonable collection efforts, and (3) violation of the bankruptcy discharge injunction.

## Discussion

The court begins, as it must, with a review of its jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988). A bankruptcy court exercises the bankruptcy jurisdiction of the district court for any matters referred to the bankruptcy court. 28 U.S.C. § 157. The bankruptcy jurisdiction of the district courts is granted in

---

[1] Because the court is considering motions to dismiss under Rule 12, the Court recites the allegations in the Plaintiff's complaint. *See* Fed. R. Civ. P. 12. The Court makes no factual findings regarding the Plaintiff's allegations.

section 1334 of title 28. There are three spheres of bankruptcy jurisdiction: civil proceedings "arising under" title 11, civil proceedings "arising in" cases under title 11, and civil proceedings "related to" cases under title 11. 28 U.S.C. § 1334(b).

Courts must separately analyze the three sources of bankruptcy jurisdiction. *In re Simmons*, 205 B.R. 834, 842 (Bankr. W.D. Tex. 1997). A matter within the "arising under" jurisdiction is one in which the claim is made under a provision of title 11. *Carlton v. Baww, Inc.*, 751 F.2d 781, 787 n.7 (5th Cir. 1985). Clearly, the state law claims in this case do not "arise under" title 11, as they are made under state, not federal, law. *See generally Harned v. E-Z Fin. Co.*, 254 S.W.2d 81 (Tex. 1953) (unreasonable collection effort tort is a creature of Texas common law); TEX. FIN. CODE §§ 392.001, et. seq. (establishing Plaintiff's Texas statutory claim).

The second source of bankruptcy jurisdiction is "related to" jurisdiction. The Fifth Circuit discussed the scope of "related to" jurisdiction in *Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995). To be an action "related to" a case under title 11 it must at least have some conceivable impact upon the handling and administration of the bankruptcy estate. *Id.* In this case, the state law claims, even if proven, would have absolutely no impact upon the bankruptcy estate. The acts complained of occurred well after the bankruptcy case was concluded. Therefore, these claims are not "related to" the bankruptcy case.

To fall within the final category of bankruptcy jurisdiction – "arising in" – a claim "must at the very least be of a sort that *could not have occurred but for the bankruptcy*." *Simmons*, 205 B.R. at 840; *see also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1997) ("a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). Here, the state law claims for

"unreasonable collection efforts" and under chapter 392 of the Texas Finance Code both are of a sort that could have occurred without the bankruptcy. Creditors, whether in or out of bankruptcy proceedings, are equally capable of committing the acts covered by these causes of action, and these claims implicate no substantive rights under the Bankruptcy Code.

Further, this court recently found that it lacked jurisdiction to hear a pendant state law claim for "unreasonable collection efforts" arising in a post-petition action for violation of the bankruptcy discharge. *Mahoney v. Washington Mutual, Inc.*, 368 B.R. 579 (Bankr. W.D. Tex. 2007) (pinpoint citation not currently available). Accordingly, the court must dismiss both the "unreasonable collection efforts" claim, and the claim under chapter 392, for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1); *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).

The only remaining claim is for violation of the discharge injunction. The Court has the inherent power to enforce its own injunctions, including the discharge injunction of section 524 of the Bankruptcy Code. *Mahoney*, 368 B.R. 579; *In re Gervin*, 337 B.R. 854, 857 (Bankr. W.D. Tex. 2007); *see* 11 U.S.C. § 524(a)(2) (discharge injunction). Further, a claim for violation of the discharge injunction is clearly a claim that could not have occurred outside of the context of a bankruptcy case, and invokes it a substantive right – the protections of the discharge injunction – granted by section 524 of title 11. The Court therefore has jurisdiction to adjudicate this claim, and the motion to dismiss under Rule 12(b)(1) is denied. *See* Fed. R. Civ. P. 12(b)(1).

Defendants have also moved for dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). Because the Court will dismiss the two state law causes of action for lack of subject matter jurisdiction, the court need not address the arguments under Rule 12(b)(6). Additionally, Defendants make no argument under Rule 12(b)(6)

related to the violation of the discharge injunction.

      Accordingly, the claim for violation of chapter 392 of the Texas Finance Code is DISMISSED. The claim of unreasonable collection efforts is DISMISSED. The claim for violation of the discharge injunction survives. Any additional relief requested is DENIED.